# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DREW W. PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09 C 6746 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendant for its alleged violations of the Truth in Lending Act and state law. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint. For the reasons set forth below, the Court grants the motion.

## Facts

On May 18, 2005, the parties entered into a contract for a twenty-year home equity line of credit ("HELOC") in the amount of $220,000.00. (Compl. ¶ 10.) On May 7, 2009, plaintiff was arrested on murder charges and has been held in a state detention facility ever since. (*Id.* ¶ 11.) After his arrest, plaintiff drew on the HELOC to pay his expenses. (*Id.* ¶ 12.) On May 15, 2009, defendant suspended the HELOC "because of a material change in [plaintiff's] financial condition," namely "[i]mprisonment," prompting this suit. (*See id.*)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In Counts I and II, plaintiff alleges that defendant suspended his HELOC in violation of the Truth in Lending Act ("TILA"). With certain exceptions, that statute bars creditors from unilaterally changing the terms of HELOC agreements. 15 U.S.C. § 1647(c). One exception allows a creditor to "[p]rohibit additional extensions of credit or reduce the credit limit applicable to [a HELOC] during any period in which the creditor has reason to believe that the consumer will be unable to comply with the repayment requirements . . . due to a material change in the consumer's financial circumstances." 15 U.S.C. § 1647(c)(2)(C); *see* 12 C.F.R. § 226.5b(f)(3)(vi)(B) (same). Defendant says it suspended the HELOC because it believes plaintiff's arrest and detention for first degree murder will impair his ability to make HELOC payments. (*See* Compl., Ex. C, Letter to Drew & Stacy Peterson from Chase dated 5/19/09.) Plaintiff says that justification is baseless because he has alleged that his income, which is comprised of pension and social security benefits, is not affected by his incarceration. (Compl. ¶¶ 16-18.)

The assumption underlying plaintiff's argument is that "financial circumstances," for the purposes of TILA section 1647(c)(2)(C), means "income." That language does not appear in the statute, however, and the staff interpretation of Regulation Z indicates that "financial circumstances" encompasses more than income. *Id.*; 12 C.F.R. § 226.5b(f)(3)(vi)(B); *see* 12 C.F.R. § 226, Supp. I (saying that decreased income is an example, not the universe, of changed financial circumstances).

2

Nonetheless, plaintiff contends that two district courts have agreed with his interpretation and urges the Court to follow their lead. In the first case, *Schulken v. Washington Mutual Bank*, the financial circumstance defendants cited for suspending plaintiffs' HELOC was that their income had dropped. No. C-09-02708 JW, 2009 WL 4173525, at *1-2 (N.D. Cal. Nov. 19, 2009). Because the alleged income change was the only reason defendants gave for the suspension in that case, the parties used "financial circumstances" and "income" interchangeably. *Id.* However, the *Schulken* court did not hold that the terms are interchangeable. In fact, the court dismissed the TILA claim on other grounds without even addressing the issue. *Id.* at *4. Given its unique facts and inapposite holding, *Schulken* does not support plaintiff's argument.

Nor does *Levin v. Citibank N.A.*, No. C-09-0350 MMC, 2009 WL 3008378 (N.D. Cal. Sept. 17, 2009), the other case plaintiff cites. The issue in *Levin* was whether defendant had properly invoked the TILA exception in section 1647(c)(2)(B), which permits a creditor to suspend a HELOC if the value of the property securing it decreases significantly, not the exception in 1647(c)(2)(C) for changed financial circumstances. *Id.* at *1-2. Because the meaning of financial circumstances was not even presented to, let alone ruled on, by the *Levin* court, the case has no application here.

Plaintiff does not offer any other authority for his crabbed interpretation of "financial circumstances," and the Court has found none. Moreover, Seventh Circuit decisions in other contexts demonstrate that financial condition depends on both income and expenses. *See Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (holding that a losing party can be excused from paying costs under Rule 54(d) only if evidence about his "income/assets and expenses" shows that he is "incapable of paying the court-imposed costs at this time or in the future" (quotation omitted)); *Goulet v. Educ. Credit Mgmt. Corp.*, 284 F.3d 773, 777 (7th Cir. 2002) (stating that a student loan

3

will be discharged in bankruptcy only if the debtor shows that "he cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loan[]"). Given TILA's plain language, the Seventh Circuit's reasoning in analogous cases and the utter lack of support for plaintiff's view, the Court holds that "financial circumstances," as it is used in TILA section 1647(c)(2)(C), does not refer solely to "income."

Plaintiff's TILA suspension claim does not pass muster under the Court's interpretation of the statute. Though plaintiff alleges that the murder charge does not affect his income, he does not say that his expenses are similarly unaffected. In fact, his allegations suggest the reverse. (*See* Compl. ¶ 39(a)-(m) (alleging that plaintiff needs multiple lawyers, experts and other professionals to defend against the charge).) Because plaintiff's allegations do not state a plausible claim for relief on the TILA suspension claim, the Court dismisses it.

In Count III of the complaint, plaintiff alleges that defendants violated TILA by sending him a suspension notice that was "untimely and/or did not contain sufficiently specific . . . reasons" for the action. (*Id.* ¶ 45.) But, in his response to defendant's motion, plaintiff does nothing to defend the timeliness claim and concedes that the specificity claim has no merit. (*See* Pl.'s Mem. Opp'n Mot. Dismiss at 11 ("In compliance with [sic] first Regulation Z disclosure requirement, the [suspension] notice letter identified the specific reasons for the suspension of the Petersons' HELOC . . . .").) Given plaintiff's abandonment of these claims, the Court grants defendant's motion to dismiss them and the state claims based on the same alleged deficiencies asserted in Counts V and VI. (*See* Compl. ¶¶ 58, 67.)[1]

---

[1]Because plaintiff also abandons the Count VIII unjust enrichment claim, the Court dismisses it as well. (*See* Pl.'s Mem. Opp'n Mot. Dismiss at 14.)

In Counts IV and V, plaintiff alleges that defendant breached the terms of the parties' contract and the covenant of good faith and fair dealing by baselessly suspending the HELOC. (*Id.* ¶¶ 52, 57.) In Count VII, he alleges that defendant's suspension notice is fraudulent because it falsely states that plaintiff's incarceration is a material change to his financial condition. (*Id.* ¶¶ 70-74.) In Count XI, plaintiff alleges that defendant defamed him by making the baseless HELOC suspension "part of his credit information." (*Id.* ¶ 100.) In Count XII, he alleges that defendant's baseless suspension of the HELOC intentionally inflicted emotional distress on him. (*Id.* ¶ 102.) Though these claims are based on different legal theories, they all have the same factual premise – that the murder charge does not affect plaintiff's financial condition. Because, as discussed above, plaintiff has not adequately alleged this fact, the Court dismisses these claims.

In Count VI, plaintiff alleges that defendant violated the Illinois Consumer Fraud Act because its statements about "the availability of credit through the HELOC" and "potential bases for reducing credit limits" were false. (*Id.* ¶ 65.) If this claim shares the factual premise of the claims discussed above, it fails for the same reason. If this claim has some other factual basis, it fails for lack of specificity under Rule 9(b). *See id.*; *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 667, 669 (7th Cir. 2008).

The two remaining counts, IX and X, seek specific remedies for the defunct state-law claims. Accordingly, they are also dismissed.

## Conclusion

For the reasons set forth above, the Court grants defendant's motion to dismiss [doc. no. 27] and dismisses plaintiff's complaint without prejudice. Plaintiff may amend his complaint in

5

accordance with this Order on or before May 6, 2010. If he fails to do so, the Court will dismiss this suit with prejudice. Defendant may file a response to any amended complaint on or before May 10, 2010. The Court strikes the summary judgment briefing schedule set forth in the April 7, 2010 order [doc. no. 72]. Summary judgment motions, if any, must be filed by June 1, 2010. If only one party moves for summary judgment, response is due June 15, 2010 and reply is due June 29, 2010. Cross-motions will be briefed as set forth in the Court's standing order. Ruling on any summary judgment motions will be by mail.

**SO ORDERED.**                                                   **ENTERED:**

**April 29, 2010**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**